OPINION OF THE COURT
George D. Marlow, J.
Defendant, Dalkeith McIntosh, stands indicted for, inter alia, five counts of murder in the first degree, class A-l felonies, in violation of Penal Law § 125.27. The District Attorney has filed notice pursuant to CPL 250.40 of his intention to seek the death penalty.
Defendant, Dalkeith McIntosh, has moved, inter alia, for an order invalidating and striking down CPL 400.27 (11) to the extent that the second clause of this provision provides for a vague and standardless determination by a capital sentencing jury whether to impose a sentence of death or a sentence of life in prison without parole on a defendant.[1]
Defendant contends that this provision is inconsistent with the exacting standards and heightened protections associated with the death penalty law, and violates State and Federal law. Specifically, defendant argues that CPL 400.27 (11) will impermissibly penalize his right to be free from cruel and unusual punishment, his fundamental right to life, his right to equal protection, his right to confrontation, his right to due process, and other rights safeguarded under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution; article I, §§ 1, 2, 3, 4, 5, 6, 11, 12, and 14 of the New York Constitution; Civil Rights Law § 12; and CPL 400.27.
For the reasons that follow, this court rejects the defendant’s contentions and denies the defendant’s motion to invalidate CPL 400.27 (11).
The Supreme Court has set forth clear constitutional mandates that must be satisfied for CPL 400.27 (11) to stand. It is uncontested that the death penalty may “not be imposed under sentencing procedures that create [] a substantial risk that it [will] be inflicted in an arbitrary and capricious manner.” (Gregg v Georgia, 428 US 153, 188 [1976] [reaffirming the holding in Furman v Georgia, 408 US 238 (1972)].) Accord *435 ingly, a “State must establish rational criteria that narrow the decisionmaker’s judgment as to whether the circumstances of a particular defendant’s case meet the threshold.” (McCleskey v Kemp, 481 US 279, 305 [1987].) Pursuant to Lowenfield v Phelps (484 US 231, 246 [1988]), a State may narrow the category of death-eligible defendants at the guilt phase by narrowing “the definition of capital offenses * * * so that the jury finding of guilt responds to this concerní.]”[2] (Accord, Jurek v Texas, 428 US 262, 270 [1976] [the narrowing function can be satisfied by narrowing the categories of murder for which a death sentence may be imposed]; Godfrey v Georgia, 446 US 420, 428 [1980] [“Part of a State’s responsibility * * * is to define the crimes for which death may be the sentence in a way that obviates ‘standardless [sentencing] discretion’ ”], quoting Gregg v Georgia, supra, at 196, n 47.)
“Once the jury finds that the defendant falls within the legislatively defined category of persons eligible for the death penalty * * * the jury then is free to consider a myriad of factors to determine whether death is the appropriate punishment.” (California v Ramos, 463 US 992, 1008 [1983].) Further, “States cannot limit the sentencer’s consideration of any relevant circumstance that could cause it to decline to impose a penalty. In this respect, the State cannot channel the sentencer’s discretion, but must allow it to consider any relevant information offered by the defendant.” (McCleskey v Kemp, supra, at 306.)
In accordance with the mandates above, CPL 400.27 (11) is constitutionally sound. First, the New York Legislature has sufficiently narrowed its category of capital crimes by classifying homicides into six categories and providing that only defendants charged under Penal Law § 125.27 face the possibility of the death penalty.[3] Accordingly, those defendants who are death-eligible must satisfy certain explicitly delineated *436 circumstances and, therefore, stand apart from those who are convicted of other killings.[4]
After a defendant is considered death-eligible, a sentence of death can only be imposed if the jury finds, unanimously and beyond a reasonable doubt, that there exist aggravating factors which “substantially outweigh” any mitigating factors. (CPL 400.27 [11] [a].) In other words, this finding is a necessary prerequisite to the second step found in CPL 400.27 (11) (a). Further, the court will instruct the sentencing jury on the proper manner in which to weigh the aggravating factors and any mitigating factors found. (See, United States v Pitera, 795 F Supp 546, 557 [ED NY 1992].)
Finally, the New York death penalty statute includes a catchall mitigating provision and permits the defendant to raise, subject to the rules of evidence, “any evidence relevant to any mitigating factor” contained in CPL 400.27 (9). (CPL 400.27 [6].) Moreover, CPL 400.27 (6) allows a defendant to introduce “reliable hearsay evidence” in support of mitigation. Therefore, CPL 400.27 (11) satisfies the constitutional mandates set out by the United States Supreme Court.
Defendant also contends that when the jury undertakes the second step in determining whether death is an appropriate punishment (CPL 400.27 [11] [a]), it is not guided by any objective standards, but, instead, the jury has the “unbridled discretion” condemned in Penry v Lynaugh (492 US 302, 326 [1989]). Therefore, he argues, the statute should be declared void for vagueness. However, this reasoning is flawed.
The statute says that a death sentence is impermissible unless the jury “unanimously finds beyond a reasonable doubt that [step 1] the aggravating factor or factors substantially outweigh the mitigating factor or factors established, if any, and [step 2] unanimously determines that the penalty of death should be imposed” (CPL 400.27 [11] [a] [emphasis added]).
To begin with, unbridled discretion is unconstitutional when the sentencer decides a defendant’s eligibility for the death penalty. (See, Tuilaepa v California, 512 US 967 [1994].) *437 Instead, the sentencer may be given “ ‘unbridled discretion in determining whether the death penalty should be imposed after it has found that the defendant is a member of the class made eligible for that penalty.’ ” (Supra, at 979-980.) Second, States are not mandated to establish “a kind of mandatory sentencing scheme requiring a jury to sentence a defendant to death if it found, for example, a certain kind or number of facts, or found more statutory aggravating factors than statutory mitigating factors.” (Tuilaepa v California, supra, at 980.)
Third, while the sentencer is given wide discretion to decline to impose the death penalty, the New York death penalty statute limits the sentencer from considering those factors that weigh in favor of a death sentence. Unlike other death penalty statutes, CPL 400.27 limits the sentencing jury to consider only those statutory aggravating factors proven beyond a reasonable doubt at trial.[5] (See, e.g., United States v Pretlow, 779 F Supp 758, 772-773 [D NJ 1991], citing Zant v Stephens, 462 US 862, 878-879 [1983]; Gregg v Georgia, 428 US 153, 196-197 [1976], supra.)
Fourth, CPL 400.27 (11) (a) further safeguards a defendant’s constitutional rights. The New York statute permits a jury to decide that the aggravating circumstances, substantially and beyond a reasonable doubt, outweigh the mitigating circumstances, but, nevertheless decline to impose the death penalty. (See, CPL 400.27 [11].) This court sees nothing wrong with permitting — for a defendant’s benefit — a narrow window through which human mercy can fit.
Moreover, defendant’s complaint that, since the statute is “vague”, the jury’s sentencing determination is unreviewable by an appellate court, is also without merit. CPL 400.27 (11) (b) specifically provides, “If the jury directs imposition of either a sentence of death or life imprisonment without parole, it shall specify on the record those mitigating and aggravating factors considered and those mitigating factors established by the defendant, if any.” Therefore, any sentencing decision rendered by the jury will not be vague, and will be reviewable.
Finally, statutes are presumed constitutional. (McKinney’s Cons Laws of NY, Book 1, Statutes § 150 [a], [b].) Generally, trial courts “may not substitute their judgment for that of the Legislature as to the wisdom and expediency of the legisla *438 tion.” (People v Davis, 43 NY2d 17, 30; People v Smith, 63 NY2d 41.)
Therefore, for the foregoing reasons, this court finds New York’s death penalty statute to be constitutionally sound. Accordingly, defendant’s motion, challenging this portion of the statute, is denied.

. CPL 400.27 (11) (a) provides in relevant part: “The jury may not direct imposition of a sentence of death unless it unanimously finds beyond a reasonable doubt that the aggravating factor or factors substantially outweigh the mitigating factor or factors established, if any, and unanimously determines that the penalty of death should be imposed” (emphasis added).

. The Court determined that the narrowing function had been satisfied in Louisiana by the Legislature after classifying homicides into five categories and providing that only first degree murder would be punishable as a capital offense. (See, Lowenfield. v Phelps, supra, at 244.)

. The six grades of homicide include: first degree murder (Penal Law § 125.27), second degree murder (Penal Law § 125.25), first degree manslaughter (Penal Law § 125.20), second degree manslaughter (Penal Law § 125.15), vehicular manslaughter (Penal Law §§ 125.13, 125.12), and criminally negligent homicide (Penal Law § 125.10).

. First degree murder includes a narrower degree of homicides encompassing those crimes where a defendant over 18 years of age acts with intent to kill a person and kills that person or third person and at least 1 of 12 aggravating factors exists. (See, Penal Law § 125.27.) Those convicted of first degree murder have a heightened culpability deserving of the ultimate punishment, in contrast to those defendants convicted of felony murder without evincing an intent to kill or negligent, reckless, or intentional killing.

. A sentence for a defendant found guilty of first degree murder is determined, except in extraordinary circumstances, by the same jury in a subsequent proceeding which may choose either death or life imprisonment without the possibility of parole. (See, Penal Law § 400.27 [10].)